UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CRAIG STEIN, | ) | Case No. 5:16 CV 275 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| CHAD E. FOULK, et al., | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendants. | ) | **ORDER** |

This matter comes before the Court on Defendants' Motion to Dismiss (Doc. # 8). Chad E. Foulk and Spyder Bike, Inc. ("Spyder Bike") (collectively, "Defendants") seek dismissal for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). For the reasons stated herein, the motion is GRANTED.

**I.      Background**

Craig Stein ("Plaintiff"), a resident of Virginia, filed this action against Defendants alleging that Defendants tortiously misappropriated trade secrets and breached an oral contract for the design of a racing sulky, or bike. Defendants responded with a motion to dismiss for lack of personal jurisdiction. Defendants are residents of Delaware. Spyder Bike is incorporated in Delaware and has its sole business location in Delaware. Foulk resides at an address in Delaware.

Foulk and a Mr. Tetrick had a discussion with Plaintiff in Delaware about working together to make a sulky. (Doc. # 8-2, Foulk Aff. ¶ 4.) Allegedly, Foulk, Tetrick, and Plaintiff agreed that Plaintiff would design a sulky, and Foulk and Tetrick would finance the production of Plaintiff's

design. (Id. ¶ 4-5.)

Plaintiff designed a sulky, a prototype of which was fabricated in Delaware. (Id. ¶ 6.) In March 2010, Foulk and Tetrick conducted a trial of the prototype at a race track in Delaware. (Id. ¶ 7.) Plaintiff did not attend the trial. (Id. ¶ 8.) Foulk and Tetrick found the sulky to be unusable and relegated the prototype to scrap metal. (Id.) They believed that Plaintiff's sulky was poorly designed and would not have been approved for use by the United States Trotting Association ("USTA"). (Id. ¶ 7.) Foulk never created or sold another bike from Plaintiff's design. (Id. ¶ 9.) Foulk and Tetrick informed Plaintiff that his design was unsuccessful and that they would not be using Plaintiff's design going forward. (Id. ¶ 10.)

Foulk incorporated Spyder Bike in Delaware in July 2010 while working with another individual to design a sulky with the potential to receive USTA approval. (Id. ¶ 12.) Spyder Bike did not exist when Foulk and Tetrick tested, and ultimately rejected, Plaintiff's sulky design. (Id. ¶ 7, 12.)

Spyder Bike sells custom race sulkies throughout the United States and internationally. Spyder Bike does not advertise. (Id. ¶ 17.) Spyder Bike has received requests, in Delaware, from Ohio customers seeking custom sulkies. (Id.) The Ohio customers make up less than eight percent of Spyder Bike's customer base. (Id.)

Foulk is the sole shareholder and representative of Spyder Bike. Spyder Bike's sole business location is in Delaware. (Id. ¶ 13.) Spyder Bike does not own any property in Ohio. (Id. ¶ 14.) It has no agents or employees in Ohio. (Id.)

Plaintiff owned a residence in Macedonia, Ohio in 2009. (Doc. # 9-2; Stein Aff. ¶ 4-5.) Plaintiff claims to have resided in Ohio when he had the initial contact with Foulk and Tetrick in Delaware about designing a sulky. (Id.) He further claims to have sketched a design and constructed

a small model of the bike at his residence in Macedonia. (Id. ¶ 7.) Foulk sold the Ohio property at the end of March 2010. (Doc. # 8-3, Dortch Aff. ¶ 4.)

### II.  Law and Analysis

#### (a)  Personal Jurisdiction

This Court follows state law in determining the bounds of the Court's jurisdiction over persons. *Daimler AG v. Bauman*, 134 S.Ct. 746, 753, 187 L.Ed.2d 624 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)). Ohio's jurisdictional "long-arm" statute is "not coterminous with federal constitutional limits." *Schneider v. Hardesty*, 669 F.3d 693, 700 (6th Cir. 2012) (quoting *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 363 (6th Cir. 2008)). Thus, to establish personal jurisdiction, a plaintiff must demonstrate that (1) Ohio's long-arm statute has been satisfied and (2) exercising jurisdiction would comport with the Due Process Clause of the Fourteenth Amendment. *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 235 (1994). However, "if jurisdiction is not proper under Ohio's long-arm statute there is no need to perform a Due Process analysis because jurisdiction over the defendant cannot be found." *Conn v. Zakharov*, 667 F.3d 705, 713 (6th Cir. 2012).

Under Ohio law, "a court may exercise personal jurisdiction over a non-resident defendant only if specific jurisdiction can be found under one of the enumerated bases in Ohio's long-arm statute." *Id.* at 717–718. Ohio's long-arm statute provides:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
>   (1) Transacting any business in this state;
>   (2) Contracting to supply services or goods in this state;
>   (3) Causing tortious injury by an act or omission in this state;
>   (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used

> or consumed or services rendered in this state;
> (5) Causing an injury in this state to any person by breach of warranty . . .;
> (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons when he might reasonably have expected that some person would be injured thereby in this state;
> (7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state . . . ;
> (8) Having an interest in, using, or possessing real property in this state;
> (9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

\* \* \*

R.C. § 2307.382(A). "Subsection (A) makes clear that for personal jurisdiction to exist under Ohio's long-arm statute, the cause of action must arise from the defendant's conduct in Ohio." *Hitachi Med. Sys. Am., Inc. v. St. Louis Gynecology & Oncology, LLC*, 2011 WL 711568, \*4 (N.D. Ohio Feb. 22, 2011).

> More recently, courts have identified two factors that help determine whether an out-of-state defendant "transacted business" within the meaning of the long-arm statute. *See, e.g., Paglioni & Assocs., Inc. v. WinnerComm, Inc.*, 2007 WL 852055 (S.D. Ohio Mar.16, 2007); *Shaker Constr. Group, LLC v. Schilling*, 2008 WL 4346777 (S.D. Ohio Sept.18, 2008).
>
> The first factor is whether the out-of-state defendant initiated the dealing. *Paglioni*, 2007 WL 852055 at \*9. If it were the defendant who "reached out" to the forum state to create a business relationship, the defendant has transacted business within the forum state. *Id*. The question of who initiates the contact, however, is but one factor to be considered and the determination is not always dependent upon who initiates the contact. *Military Supply, Inc. v. Reynosa Const., Inc.*, 2000 WL 109783 at n. 3 (Ohio Ct.App. Jan. 26, 2000). With regard to "reaching out," as a general rule, the use of interstate lines of communication such as mail and telephones does not automatically subject a defendant to the jurisdiction of the courts in the forum state. *Benjamin v. KPMG Barbados*, 2005 WL 995589 (Ohio Ct.App. Apr. 28, 2005).

\*\*\*

> The second factor is "whether the parties conducted their negotiations or discussions in the forum state, or with terms affecting the forum state." *Paglioni*, 2007 WL 852055 at \*9. If the parties negotiated in Ohio with provisions affecting

> Ohio, the non-resident transacted business in Ohio. *Shaker Construction*, 2008 WL 4346777 at *3. However, merely directing communications to an Ohio resident for the purpose of negotiating an agreement, without more, is insufficient to constitute "transacting business." "Rather, there must additionally be some continuing obligation that connects the non-resident defendant to the state or some terms of the agreement that affect the state." *Id*. (citing *Kentucky Oaks Mall*, 559 N.E.2d at 480).

*Id.* at *4-5.

A plaintiff bears the burden of establishing jurisdiction. *American Greetings Corp. v. Cohn*., 839 F.2d 1164, 1168 (6th Cir. 1988). However, when a court rules solely based upon the pleadings, a plaintiff need only make a prima facie showing of personal jurisdiction to survive a motion to dismiss. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998); *CompuServe, Inc., v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). Accordingly, when ruling without holding an evidentiary hearing, this Court must view the jurisdictional evidence in the light most favorable to the plaintiff. *See Goldstein*, 638 N.E.2d at 544. Despite this fact, a plaintiff may not rely solely on the pleadings in the case; rather, he must show, by affidavit or other documentary evidence, specific facts establishing personal jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

Plaintiff argues generally that this Court has personal jurisdiction over entities that transact "any business" in Ohio. R.C. § 2307.382(A)(1). Plaintiff emphasizes that the Ohio Supreme Court's interpretation of R.C. § 2307.382(A)(1) is "broad" and contends that this Court should follow the reasoning set forth in *Odom Indus., Inc.*, 2012 WL 4364299 (S.D. Ohio Sept. 24, 2012) to find that Plaintiff in this matter has alleged facts sufficient to establish jurisdiction. Plaintiff does not address, however, the material factual differences between this matter and *Odom*, which involved individuals who negotiated multiple fabrication orders over a two-year period using multiple forms of communication as part of an ongoing business relationship.

In this matter, Plaintiff has failed to demonstrate any facts that would satisfy any one of the nine specific bases that would support service of process upon Defendants in Delaware:

- First, § 2307.382(A)(1) is inapplicable because Spyder Bike's business operations occur wholly within the State of Delaware. (Foulk Aff. ¶ 14.) Although Spyder Bike has some Ohio customers, these customers contract with Spyder Bike in Delaware where all of Spyder Bike's sales take place. Furthermore, any contact with customers in Ohio took place months, if not years, after the alleged oral contract between Foulk, Tetrick, and Plaintiff was formed in the State of Delaware.

- Second, § 2307.382(A)(2) does not apply because Plaintiff's alleged oral agreement with Foulk and Tetrick anticipated the production of the sulky to occur in Delaware, and was formed in Delaware. Spyder Bike did not transact any business in Ohio at the time of the alleged agreement.

- Moreover, § 2307.382(A)(3) involves tortious contract, and thus is not applicable to this case.

- Section 2307.382(A)(4) also is inapplicable due to the lack of any separate injury arising in tort that is distinct form the alleged injury resulting from the alleged breach of contract.

- Section 2307.382(A)(5) is inapplicable because Plaintiff did not plead the existence of any warranty, or the breach of any warranty.

- Likewise, § 2307.382(A)(6) is inapplicable absent any tortious injury.

- Section 2307.382(A)(7) is inapplicable because Plaintiff did not allege any criminal act occurring in Ohio. (Foulk Aff. ¶ 2, 14.)

- Further, Section 2307.382(A)(9) cannot be applied, because Defendants did not contract to insure Plaintiff.

Under these circumstances, there is no basis for Plaintiff to rely upon Ohio's long-arm statute to invoke personal jurisdiction over Foulk or Spyder Bike. Plaintiff's limited and unilateral activities in Macedonia, Ohio do not suffice to constitute the transaction of business in this state. *Hitachi*, 2011 WL 711568 at *4-5.

Plaintiff has not offered an affidavit or other documentary evidence to contradict Defendants' averment that Plaintiff's design was abandoned and the relationship ended in 2010. Plaintiff has further failed to provide any evidence to support his claims that any sulky was ever produced using his design. Finally, Plaintiff has failed to offer any evidence that Defendants acted and interacted with him anywhere other than in Delaware.

Where, as here, a defendant makes a properly supported motion for dismissal, "the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen*, 935 F.2d at 1458. "Where the court relies solely on the parties' affidavits to reach its decision, the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal." *Id.* at 1458-1459. Even with this low bar, according full weight to each statement made in Plaintiff's affidavit, the material presented by Plaintiff establishes nothing more than his unilateral activities in Ohio during December 2009 and the fact that he sent his prototype to Defendant Foulk in Delaware. Accepting all of Plaintiff's averments as true, and construing them in his favor, Plaintiff has nevertheless failed to present the specific facts necessary to establish an enumerated basis of personal jurisdiction over Defendants under Ohio law.

In the absence of any enumerated basis for personal jurisdiction under Ohio's long-arm statute, this Court need not consider whether an exercise of jurisdiction in this instance satisfies the requirements of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States. See *Conn*, 667 F.3d. at 713.

### III. Conclusion

For the reasons stated above, Defendants' Motion to Dismiss for lack of personal jurisdiction is GRANTED (Doc. # 8.) Accordingly, the Complaint is DISMISSED in its entirety.

IT IS SO ORDERED.

                         *s/ John R. Adams*
                         JOHN R. ADAMS
                         UNITED STATES DISTRICT JUDGE

Dated: March 21, 2017